```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF KENTUCKY
                               LEXINGTON
```

CHESTER RICHARDSON,            )
                               )   Civil Action No. 5:05-133-JMH
    Plaintiff,                 )
                               )
v.                             )
                               )   **MEMORANDUM OPINION AND ORDER**
AMERICAN STANDARD, INC.,       )
d/b/a TRANE,                   )
                               )
    Defendant.                 )
                               )

    **         **        **        **        **

Before the Court is the summary judgment motion of Defendant, American Standard, d/b/a Trane ("Trane") [Record No. 20]. Plaintiff Chester Richardson ("Richardson") responded to the motion [Record No. 23], to which Trane replied [Record No. 24]. Fully briefed, this matter is ripe for review.

### BACKGROUND

Richardson was terminated by Trane on May 29, 2003. Richardson claims that he was fired because of his race and disputes Trane's rationale for terminating his employment, that is, violation of Trane's absenteeism policy. Richardson says he was misled by a Trane employee, Gary Cochran, who told him that he was at least one half to two points shy of having the necessary points that would allow Trane to terminate him for absenteeism.

Richardson, a member of the United Automobile Workers, Aerospace and Agricultural Implement Workers of America, Local 912 (the "Union"), filed a grievance with his Union contesting his

termination. On March 18, 2004, the grievance was resolved in mediation; the mediator denied Richardson's grievance. Richardson filed the instant lawsuit on March 17, 2005, in Fayette Circuit Court. Trane removed the case to this Court on April 5, 2005. In his complaint, Richardson alleges that (1) he was terminated because of his race in violation of the Kentucky Civil Rights Act, KRS § 344.040, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and (2) he was wrongfully terminated in violation of Trane's policies, rules, and regulations.

**STANDARD OF REVIEW**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden is met by showing the court that there is an absence of evidence on a material fact on which the nonmoving party has the ultimate burden of proof at trial. *Id.* at 325. A fact is material if its resolution will affect the outcome of the lawsuit. *Waters v. City of Morristown*, 242 F.3d 353, 358 (6th Cir. 2001). Once the moving party satisfies its burden, the burden then shifts to the

nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

When determining whether there is enough evidence to overcome summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, in this case, the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Multimedia 2000, Inc. v. Attard*, 374 F.3d 377, 380 (6th Cir. 2004). Only material factual disputes will preclude summary judgment, and the dispute must be genuine, that is, the facts must be such that if proven at trial, a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. The Court must not weigh the evidence, but must decide whether there are genuine issues for trial. *Id.* at 249.

## ANALYSIS

**Richardson's Claim of Discrimination**

Richardson claims that Trane terminated him because he is African-American, not because he violated the company's absenteeism policy. As an initial matter, Richardson cannot bring a claim under Title VII because he has not shown that he exhausted his administrative remedies by filing a claim with the Equal Employment Opportunity Commission. An individual claiming to have been discriminated against under Title VII may not bring suit in federal court unless he has first exhausted his administrative remedies.

3

*See Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976)). As to Count I, only Richardson's claim that Trane violated KRS Chapter 344 by terminating him is properly before this Court.

Section 344.040(1) provides in pertinent part: "It is an unlawful practice for an employer . . . to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's race . . . ." KRS § 344.040(1) (West 2005). Because KRS Chapter 344 is modeled upon Title VII, Kentucky courts generally follow federal law in interpreting Chapter 344. *Stewart v. Univ. of Louisville*, 65 S.W.3d 536, 539 (Ky. Ct. App. 2001). To set forth a *prima facie* case of a violation of the Kentucky Civil Rights Act, the plaintiff must prove the same elements as required for a *prima facie* case of discrimination under Title VII. *Talley v. Bravo Pitino Restaurant*, 61 F.3d 1241, 1250 (6th Cir. 1995).

For his *prima facie* case of race discrimination, Richardson must establish the following: "(1) that he is a member of a protected group, (2) that he was subject to an adverse employment decision, (3) that he was qualified for the position, and (4) that he was replaced by a person outside of the protected class . . . or that similarly situated non-protected employees were treated more favorably." *Id.* at 1246.

4

Trane does not dispute that Richardson can meet the first three elements of a *prima facie* case[1] but argues that Richardson cannot meet the final element. Richardson does not argue that he was replaced by a person outside of his protected class, so in order to satisfy the final element, he must present evidence that similarly situated non-protected employees were treated more favorably. Accordingly, Richardson must prove "that a comparable non-protected person was treated better." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992).

In *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981), the Supreme Court explained that "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id.* at 253. Richardson must present evidence that similarly situated non-protected Trane employees were treated more favorably under the absenteeism policy.[2] To be similarly situated, "the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct

---

[1] As an African-American, Richardson is a member of a protected class. Termination of employment is an example of a materially adverse employment decision. *See Kocsis v. Multi-Care Mgmt.*, 97 F.3d 876, 886 (6th Cir. 1996). Trane does not challenge Richardson's qualifications for his former position.

[2] Plaintiff's subjective belief that other employees were treated more favorably, without more, is not sufficient. *See Chappell v. GTE Prods. Corp.*, 803 F.2d 261, 268 (6th Cir. 1986).

without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Mitchell*, 964 F.2d at 583. As explained in *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344 (6th Cir. 1998), Richardson must show that he is "similarly-situated to the non-protected employee in all *relevant* respects." *Id.* at 353 (emphasis in original). To that end, Richardson presents the deposition testimony of David Trainor, who testified that when he was employed by Trane in the 1980s, he was terminated "because he missed so many days," then later rehired. (Trainor Dep. 8:5-21.)

Trainor, Richardson's only example of an individual whom he argues is similarly situated to him, was also fired for violating the absenteeism policy. Trainor was subsequently rehired by Trane, Richardson was not. Even if Richardson is attempting to claim that this rehiring represents more favorable treatment to a non-protected employee, Richardson cannot overcome an initial hurdle: he has not shown that he is similarly situated to Trainor. Richardson was terminated in 2003 by Industrial Relations Manager Brad Kelly and Supervisor Gary Cochran. Trainor, on the other hand, was terminated sometime "in the '80s" by supervisors Richardson does not name. Trane notes that Brad Kelly and Gary Cochran did not participate in any decisions to terminate or rehire employees in the 1980s because neither was employed by Trane at that time. Richardson does not present any evidence to show that

he and Trainor were subject to the same standards and engaged in the same conduct. In sum, Richardson does not present any evidence to demonstrate that he is similarly situated to Trainor in *all relevant respects*. Based on the evidence presented, the only thing they appear to have in common is that at one time they were both terminated for violating the absenteeism policy. Richardson has not presented sufficient evidence to create a genuine issue of material fact as to whether he has met the fourth element of a *prima facie* case of race discrimination under Kentucky law.[3]

**Richardson's Claim of Wrongful Discharge**

In his complaint, Richardson claims that he had not accrued

---

[3] Richardson's allegation in his response to Trane's motion for summary judgment that his job was sometimes performed by a white female while he was made to perform harder work does not affect the Court's decision on his discrimination claim. It has no bearing on whether Richardson and Trainor were similarly situated. If Richardson's account is an attempt to present a hostile work environment claim, he cannot succeed. Richardson's case has reached the summary judgment stage, and as a nonmoving party plaintiff, he cannot employ his response to Trane's summary judgment motion to raise a legal claim for the first time. *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (citing *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).

Furthermore, any dispute raised by Richardson's claim that he was misled by his supervisor into believing that he was at least one half to two points shy of having the necessary points to be terminated for absenteeism is no bar to summary judgment on this claim. Whether his supervisor gave him misleading information about his accrued points does not affect Richardson's obligation to present evidence that similarly situated non-protected employees enjoyed more favorable treatment. *See Pharakhone v. Nissan N. Am., Inc.*, 324 F.3d 405, 407 (6th Cir. 2003) ("If, under the governing law, the outcome would be the same regardless of how a factual dispute is resolved, the dispute is no bar to summary judgment.").

the necessary points for termination; therefore, when he was fired for accumulating too many points pursuant to the absenteeism policy, Trane violated its own policies, rules, and regulations. As noted, Richardson filed a grievance over his termination with his Union. The federal mediator decided against Richardson and found that Trane had not violated its disciplinary procedures when it fired him.

In his response to Trane's motion for summary judgment, Richardson states that the mediator's adverse decision does not affect the claims presented in his complaint because his civil rights claim and his wrongful termination claim "fall under KRS 344 and Kentucky Common Law, respectively." (Pl.'s Resp. to Def.'s Mot. for Summ. J. 4.)[4] Trane argues that if Richardson is asserting a common law action against it based on breach of contract for failure to follow its absenteeism policy, his claim is related to the collective bargaining agreement ("CBA") and he cannot survive summary judgment.[5]

---

[4] The Court notes that, except for this statement, Richardson did not respond to Trane's arguments regarding his wrongful discharge claim. Although Trane's motion for summary judgment on this claim is essentially unopposed, the Court will review whether Trane has met its burden on summary judgment. *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000).

[5] If Richardson's claim of common law wrongful discharge is based on the facts he presented for his claim of race discrimination, that claim is preempted by KRS § 344.040 because that statute "both declares the unlawful act and specifies the civil remedy," and Richardson is limited to a statutory remedy. *Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985). The Court has

With his wrongful discharge claim, Richardson is essentially claiming that Trane breached the CBA by not properly following the absenteeism policy and then terminating him under that policy. Trane argues that Richardson's common law claim of wrongful discharge is preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). *Smith v. Ameritech*, 129 F.3d 857, 868 (6th Cir. 1997) (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988) ("[I]f the resolution of a state-law claim depends upon the meaning of a collective bargaining agreement, the application of state law . . . is pre-empted.")).

The Sixth Circuit has established a two-step approach for determining whether § 301 preemption applies: "First, the district court must examine whether proof of the state law claim requires interpretation of collective bargaining agreement terms. Second, the court must ascertain whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law." *DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994) (citations omitted). Richardson argues that Trane misapplied its own absenteeism policy when it terminated him for violating that policy. Richardson's claim could not be resolved without interpreting the CBA because that policy is covered by the CBA. Richardson is contesting the way in which Trane terminated him.

---

already addressed how Richardson cannot survive summary judgment based on a claim under KRS § 344.040.

9

This is expressly provided for in the CBA.[6] Also, the CBA specifically discusses an employee's rights when he or she is accused of violating rules, such as those outlined in the absenteeism policy. As to the second step in the approach, any right possessed by Richardson that Trane must properly follow its own policies and rules when it terminates employees is a right afforded to him by the CBA, not by state law. Richardson's wrongful discharge claim is preempted by § 301.

Furthermore, as noted by Trane, Richardson failed to file his claim within the statute of limitations. "A six-month statute of limitations should apply in this situation where the plaintiff['s] claims are brought under the Agreement and involve the question of entitlement for employment under a collective bargaining agreement." *Woosley v. Avco Corp.*, 944 F.2d 313, 318 (6th Cir. 1991). Richardson filed a grievance after his May 29, 2003, termination claiming that his termination was without just cause. On March 18, 2004, a federal mediator denied Richardson's grievance. Richardson filed his claim outside the six-month limitations period when he filed this lawsuit almost a year later on March 17, 2005, in Fayette Circuit Court.

---

[6] Paragraph 156 of the collective bargaining agreement states, "Provided that the Company shall not act in an arbitrary or unreasonable manner, the Company may suspend, discipline or discharge an employee for just cause." (Def.'s Ex. 2(3) at 53.)

10

**CONCLUSION**

Accordingly, and for the foregoing reasons, **IT IS ORDERED** that Trane's motion for summary judgment [Record No. 20] be, and the same hereby is, **GRANTED**.

This the 13th day of September, 2006.



Signed By:

*Joseph M. Hood*

United States District Judge